### WILSON *v.* YONGE.

Decided March 28, 1891.

*Appeal*—Supersedeas *bond—Administration.*

> The execution by an administrator of the qualified *supersedeas* bond provided by section 1295 of Mansfield's Digest does not warrant the issuance of a *supersedeas* in favor of other judgment defendants.

APPEAL from *St. Francis* Circuit.

M. T. SANDERS, Judge.

A judgment was obtained by Yonge & White, plaintiffs, against D. M. Wilson, administrator of the estate of D. M. Wilson, deceased, late sheriff of St. Francis county, and James M. Davis and six other sureties upon said sheriff's official bond. The defendants excepted and appealed to this court. The administrator, pursuant to section 1295 of Mansfield's Digest, filed a *supersedeas* bond with the clerk of this court, conditioned that he should not commit or suffer any waste or *devastavit* of the estate during the delay occasioned by the *supersedeas.* The clerk thereupon issued a *supersedeas* in favor of all the defendants, staying all proceedings upon the judgment. Appellees filed a motion to quash the *supersedeas* except as to the administrator.

*James P. Brown* for appellees, petitioners.

The judgment in this case was a personal judgment against the sureties, and the qualified bond filed by the administrator under the proviso of sec. 1295, Mansf. Dig., only superseded the judgment as to the estate of Wilson.

*George Sibly* for appellants.

The sureties are not in default, and, bond or no bond, no execution could issue until failure by the administrator to pay the debt, after order by the proper court. The case is still in *fieri* and, as long as the appeal is pending, undetermined. If no *supersedeas* had issued, the court would recall an execution. 22 Ark., 578; 27 *id.*, 256.

S C—23

<div style="float:left; font-size:small;">
Effect of *su-*<br>
*persedeas* in fa-<br>
vor of adminis-<br>
trator upon<br>
other appel-<br>
lants.
</div>

COCKRILL, C. J. When a judgment for the recovery of money is against an administrator and others, the qualified or limited bond which the administrator executes, under section 1295 of Mansfield's Digest, to supersede the judgment against the estate of his decedent, does not warrant the issuance of a *supersedeas* in favor of other judgment defendants. If they desire to supersede the judgment rendered against them, they must appeal and enter into bond in accordance with the statute. The fact that the administrator's decedent is the principal, and the other defendants his sureties, in an official bond, does not alter the case, because the judgment plaintiff is not forced to exhaust his remedy against the estate of the principal before resorting to his execution upon the judgment, but may proceed by execution against the property of the living defendants in the first instance.

The *supersedeas* in favor of all the defendants except the administrator should be quashed.

It is so ordered.